No. 443
SUNIOR v. SUNIOR
Ohio Appeals, 6th Dist., Lucas Co.
No. 1545. Decided March 30, 1925.
1101. SPECIFIC PERFORMANCE—Contract to. make child an heir is enforcible though executed in Michigan.
RICHARDS, J.

William Sunior brought this action in the Lucas common pleas, seeking to quiet title to real estate and demanding partition thereof. The real estate in question was in possession of brothers of Charles Sunior, who had died intestate leaving no widow nor issue seized of the real estate. Wm. Sunior brought the action against the brothers and sisters of Charles, and against Robert Lovell Sunior.

Lovell Sunior claims to be entitled to the property by virtue of a contract made by his father with Charles Sunior and wife, in Michigan in 1888. It seems that Lovell Sunior, when a child of three, was left motherless and his father agreed with Charles Sunior and wife to let Robert (Lovell, then) live with the Suniors in consideration of clothing, feeding, schooling, and adopting him as their heir. The contract was in writing. Robert Lovell lived with the Suniors as a son, chang-

ing his name and when the Suniors moved to Ohio he came along as a member of the family. No effort was made to adopt the child, except as was indicated in the written instrument, and he never became their adopted son or heir. Judgment in favor of Robert Sunior Lovell was rendered in the lower court.

Error was prosecuted and Wm. Sunior contended that an instrument of this character cannot be enforced by specific performance in the state of Michigan where it was executed. Robert claimed that his duties under the contract had been performed and specific performance should be had, to-wit: his being made the heir as agreed in the contract. The court of appeals held:

1. The contract to make Robert Lovell Sunior an heir should be specifically enforced.

2. Decisions in the Supreme Court of Michigan are not in conflict with the general rule of law, sustaining the right to specific performance of a contract to make a child an heir.

Judgment of lower court affirmed.

Attorneys—W. H. Wagers and John O. Zabel, for Wm. Sunior; O. H. Spengler, S. M. Douglas and L. M. Murphy, for Lovell Sunior; all of Toledo.